IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ERNEST McCOWN CREECH, on
behalf of himself and all others
similarly situated,

        Plaintiff,

   v.

EMERSON ELECTRIC CO., *et al.*,

        Defendants.

:

:

:

:

Case No. 3:15-cv-14

JUDGE WALTER H. RICE

---

## PROPOSED QUESTIONS FOR ORAL ARGUMENT

---

Oral argument is currently scheduled for April 9, 2018, at 9:00 a.m., on

Plaintiff's Motion for Class Certification, Doc. #94. The Court would like counsel

to be prepared to answer the following questions, which are arranged by topic:

### Jurisdiction

Defendants argue that, under *Bristol-Myers Squibb Co. v. Superior Court of California*, 137 S. Ct. 1773 (2017), this Court lacks personal jurisdiction over claims of non-resident class members.

In response, Plaintiff argues that Defendants have waived any challenges to personal jurisdiction, and are barred by the doctrine of judicial estoppel from asserting this argument.

> *Plaintiff*: Do you agree that, but for the waiver and estoppel arguments, *Bristol-Myers Squibb* would prohibit this Court from adjudicating claims of non-resident class members? Why or why not? Does it matter that *Bristol-Myers Squibb* involved a state court adjudicating only state law claims?

*Defendants*: Why do the doctrines of waiver and estoppel not bar you from challenging personal jurisdiction at this stage of the litigation?

## Choice of Law

One of the major issues appears to be whether the Missouri Merchandising Practices Act applies extraterritorially. Certification of a nationwide consumer protection class hinges on this issue.

> *Both parties:* Which of the cases cited in the briefs is most directly on point and why?

*Both parties:* Applying Ohio's choice-of-law rules to the state law claims, should the Court apply the law of the states where the injury occurred, *i.e.,* where each class member resides? Or should the Court apply the law of the state of Missouri, because it has a more significant relationship to the claims?

*Defendants:* Do you have any objections to the choice-of-law analysis provided by Plaintiff with respect to the various claims?

## Overbreadth of Proposed Classes/Standing

Defendants suggest that more than half of the proposed class members are completely unaffected by the defect in the thermostats and, accordingly, would obtain no benefit from any injunctive relief ordered by the Court.

> *Plaintiff:* Why should the Court reject this argument? Does it matter that the majority of proposed class members suffered no injury, and may not suffer any injury in the future? Are the classes, in fact, overbroad?

*Defendants:* You argue that, unless absent class members have standing, *i.e.*, have suffered injury, class certification is improper. Is that true with respect to certification under Fed. R. Civ. P. 23(b)(2)?

<u>Fed. R. Civ. P. 23(a)</u>

## Commonality/Typicality

Defendants ask the Court to sub-divide each class into a "recall class," which includes those few class members who participated in the recall but received an allegedly inadequate remedy, and a "risk class," which includes the approximately 99% of class members who did not participate in the recall and whose thermostats still pose a fire risk. Defendants then argue that because Plaintiff is not a member of the "risk class," his claims are not typical of the vast majority of class members.

Plaintiff argues, however, that all of the thermostats at issue suffer from a uniform defect, and are subject to the same warranty that requires repair or replacement. All class members have therefore suffered uniform damages, and a uniform remedy is available. Accordingly, Plaintiff argues that there are common questions of law and fact, and that his claims are typical of other class members.

> *Defendants:* Can you cite any factually-similar cases to support your argument? Even if the Court were to sub-divide the classes into a "recall class" and a "risk class," why are the requirements of commonality and typicality not satisfied? Aren't there still several issues common to all members of both classes? Aren't the "risk class" members' claims fairly encompassed by Plaintiff's "recall class" claims such that by pursuing his own interests, he also advocates the interests of the "risk class" members? Don't Plaintiff's claims arise from the same course of conduct that gives rise to the claims of all class members? Aren't they based on the same legal theories?

## Adequacy of Representation

In the event the Court does not certify a nationwide consumer protection class, Plaintiffs ask the Court to certify an alternative multi-state consumer protection class. Defendants argue, however, that, as a resident of North Carolina, Plaintiff is not a member of that alternative multi-state consumer protection class.

> *Plaintiff:* What is your response to this argument? How can the Court certify a class with no class representative?

Citing *Perras v. H&R Block*, 789 F.3d 914 (8th Cir. 2015), Defendants argue that, because Plaintiff has no personal connection to Missouri, he cannot represent the national consumer protection class bringing claims under the Missouri Merchandising Practices Act.

*Plaintiff:* What is your response to this argument?

Defendants argued that, because the Court previously dismissed with prejudice Plaintiff's claim of unjust enrichment (based on the fact that privity is required under Ohio law, and Plaintiff purchased his thermostats from a third party online retailer), he cannot serve as a class representative for the unjust enrichment class. Plaintiff argues, however, that, because the unjust enrichment claims asserted in the Second Amended Class Action Complaint are not governed by Ohio law, and that privity is no longer required, Plaintiff can now represent the unjust enrichment class.

*Defendants:* Do you agree? If not, why?

## Fed. R. Civ. P. 23(b)(2)

Defendants argue that Plaintiff waived the ability to pursue class certification under Rule 23(b)(2) by failing to respond to Defendants' argument, in the previous Motion to Strike Class Allegations, that damage claims predominated.

*Plaintiff*: How do you respond to this argument? Does the filing of the Second Amended Class Action Complaint cure the waiver problem?

Plaintiff invoked this Court's jurisdiction under 28 U.S.C. § 1332(d)(2), arguing that the matter in controversy exceeded the sum value of $5 million. Counts I, II, III and IV of the Second Amended Class Action Complaint expressly seek money damages. Nevertheless, Plaintiff's reply brief states that "the Classes seek only equitable relief." Doc. #86, PageID#3037. It also states that "Plaintiff is exclusively seeking injunctive and declaratory relief, and if he prevails in this matter, no money will change hands." *Id.* at PageID#3040.

*Plaintiff:* Are you withdrawing your request for money damages?

Plaintiff argues that this case falls squarely within the confines of Rule 23(b)(2) because Defendants have breached the warranty by failing to repair or replace the

4

defective thermostats, and Defendants' conduct can be enjoined or declared unlawful only as to all of the class members or to none of them.

> *Defendants:* Why is certification under 23(b)(2) inappropriate under these circumstances?

The briefs are largely silent on the Magnuson Moss Warranty Act ("MMWA") claims.

> *Both parties:* Are there any issues specific to the MMWA claims that would affect the class certification question?

## Class Management Issues

*Plaintiff:* If the Court were to certify one or more classes, explain how you envision a modified recall working. How would a revised recall achieve a higher participation rate?

*Defendants:* You argue that class certification would be too unwieldy for the Court. What are your biggest concerns?

The Court reserves the right to ask additional questions at oral argument.

Date: April 5, 2018

WALTER H. RICE
UNITED STATES DISTRICT JUDGE